OPINION
Defendant-appellant, Wade Jackson, appeals the decisions of the Butler County Court of Common Pleas adjudicating him a sexual predator and sentencing him to the maximum allowable prison term for gross sexual imposition and attempted sexual battery. We affirm the decision of the trial court.
Appellant, a thirty-four-year-old male, was indicted on one count of gross sexual imposition in violation of R.C. 2907.05-(A)(1), a fourth-degree felony, and one count of sexual battery in violation of R.C. 2907.03(A)(5), a third-degree felony. According to the record, appellant touched his thirteen-year-old stepdaughter's erogenous zone and forced his penis between her buttocks and vaginal area in September 1998. The state later amended the charge of sexual battery to attempted sexual battery, a fourth-degree felony. See R.C. 2907.03(A)(5) and 2923.02. Appellant entered Alford pleas of guilty to one count of gross sexual imposition and one count of attempted sexual battery. See NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160. After finding appellant guilty of the offenses, the trial court ordered a forensic evaluation and a presentence investigation report.
Following a hearing on February 17, 2000, the trial court determined that appellant is a sexual predator as defined by R.C. Chapter 2950, and sentenced him to prison terms of eighteen months on each count to be served concurrently. Appellant appeals raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM TO BE A SEXUAL PREDATOR.
In his first assignment of error, appellant contends that the trial court abused its discretion because the evidence was not clear and convincing that he is likely to engage in future sexually oriented offenses. Specifically, appellant argues that the trial court erred by relying primarily upon the psychologist's opinion because her statistics represent a "best guess" and are unscientific.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). To determine whether an offender is a sexual predator, the trial court holds an adjudication hearing where the parties are given an opportunity to testify, present evidence, and call and cross-examine witnesses and expert witnesses. R.C. 2950.09(B)(1). After considering all the evidence and testimony, a trial court may find a person convicted of a sexually oriented offense to be a sexual predator if there is clear and convincing evidence that an offender is likely to commit one or more sexually oriented offenses in the future. See R.C. 2950.09(B)(3); State v.Williams (2000), 88 Ohio St.3d 513, 519.
"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. * * * Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." (Citations omitted.) Cross v. Ledford (1954), 161 Ohio St. 469,477.
R.C. 2950.09(B)(2) requires the trial court to consider "all relevant factors" including the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court may also consider a defendant's past behaviors as an indication of his propensity to engage in future sexually violent behavior. State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 5, affirmed, 84 Ohio St.3d 19. It is also well-settled that the trial court is not required to state on the record the factors it considered in making its determination. State v. Cook
(1998), 83 Ohio St.3d 404, 426. However, in an effort to ensure that the appropriate criteria are addressed, the Ohio Supreme Court, in State v.Eppinger (2001), 91 Ohio St.3d 158, suggested three objectives for a sexual-offender-classification hearing: (1) to create a clear and accurate record for review; (2) to appoint an expert, if necessary, to assist the trial court in making a determination concerning the offender's likelihood of recidivism; and (3) to discuss on the record the particular evidence and statutory factors upon which the trial court relies in determining the offender's likelihood of recidivism. Id. at 166.
In the instant case, the sexual-offender classification hearing was conducted by the same judge who presided over appellant's plea hearing. The state presented the testimony of Dr. Bobbie G. Hopes, a psychologist with the Center for Forensic Psychiatry concerning the forensic report she had prepared on appellant. The report was introduced into evidence without objection. Appellant offered no evidence. At the conclusion of the hearing, the trial court stated it considered the legal criteria in R.C. 2950.09(B)(2) as well as Dr. Hope's testimony before classifying appellant a sexual predator.
The report and Dr. Hopes' testimony set forth extensive background information regarding appellant's family, educational, relationship, employment, substance abuse, criminal, medical, mental health and sexual histories. The information concerning appellant is based upon his own statements to Dr. Hopes, reports from children services and law enforcement agencies and court documents concerning the case. According to the report, the offenses were part of a pattern of sexual abuse. The victim had reported several other incidents of sexual abuse by appellant when she was nine and eleven years old. At various times, the victim had been placed in foster care due to domestic violence in the home and her mother's neglect and substance abuse. At the time the offenses occurred in September 1998, appellant, who was then divorced from the victim's mother, was living with the family without the approval of children services.
The report also indicates that appellant has an "antisocial personality disorder" which is associated with a significantly increased risk of sexual recidivism. He has accepted no responsibility for his actions. According to the Violence Risk Appraisal Guide, appellant has a forty-eight percent probability of reoffending within ten years after release from prison. The Sex Offender Risk Appraisal Guide indicates a fifty-nine percent probability of reoffending within ten years after release from prison.
Appellant had convictions for breaking and entering, theft, disorderly conduct, indecent exposure, public intoxication, driving under the influence, and driving without a license. Although drug and alcohol were not involved in the commission of the current offenses, appellant admits drug and alcohol abuse since he was a teenager. He further admits that his drinking has resulted in both verbal and physical abuse of women.
The report also contains a discussion of the evidence as it relates to each of the R.C. 2950.09(B)(2) factors. The report concludes that appellant has a moderate to high likelihood of committing one or more sexually oriented offenses in the future. Appellant takes issue with Dr. Hopes' inclusion of his indecent exposure conviction in her assessment of his likelihood to re-offend. However, Dr. Hopes testified that even without that incident she would have the same opinion.
Based upon the foregoing, we conclude that there was clear and convincing evidence in the record to support the trial court's finding that appellant is a sexual predator. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY SENTENCING HIM TO THE MAXIMUM TERM ON EACH COUNT WITHOUT STATING ITS REASONS FOR IMPOSING THE MAXIMUM SENTENCES.
In his second assignment of error, appellant contends that the trial court abused its discretion by sentencing him to the maximum sentence on each offense without stating its reasons on the record pursuant to R.C. 2929.19(B)(2)(e).
An abuse of discretion is no longer the proper standard of review by an appellate court for sentences imposed after July 1, 1996 under the felony sentencing guidelines. See State v. Scruggs (Apr. 30, 2001), Butler App. No. CA2000-05-094, unreported, 6-7; State v. Mariana (Dec. 30, 1999), Butler App. No. CA98-09-202, unreported, at 12-13. R.C. 2953.08, which now governs the appeal of felony sentences, dictates that an appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1); Statev. Garcia (1998), 126 Ohio App.3d 485, 487. The applicable record to be reviewed by the appellate court shall include the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1)-(3).
The possible prison term for a fourth-degree felony is six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). A trial court may impose the maximum sentence "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." R.C. 2929.14(C). When imposing a maximum sentence, R.C. 2929.19(B)(2) provides:
The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
Cf. State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
In the instant case, the trial court sentenced appellant to the maximum sentence of eighteen months on each count. Pursuant to R.C. 2929.14(C), the trial court made a finding that appellant had committed the worse form of the offense. On the record, the trial stated that "[f]orcing yourself on a family member, a victim female of this age[,] the court can't envision you committing much worse of a crime." Although the trial court did not specifically recite the "magic words" contained in the statute, R.C. 2929.14(C) requires only substantial compliance. See Statev. Blondheim (May 27, 1998), Summit App. No. 18594, unreported. The record also reveals that the pursuant to R.C. 2929.19(B)(2)(e), the trial court gave its reasons for the sentences as the victim's age, the psychological harm inflicted upon the victim, and appellant's use of a position of trust within the family to perpetrate the crime.
Appellant, however, argues that the trial court's reasons are not supported by the record. In particular, appellant argues that the state did not established that the victim suffered psychological harm because the trial court heard statements concerning the victim's emotional problems from only lay persons and not an expert on psychological harm.
At the sentencing hearing, the prosecutor, the detective who investigated the case and the victim's foster parent gave statements to the trial court, without objection, that the victim had emotional problems; witnessed domestic violence, alcohol and drug abuse in the home; and/or had been diagnosed with post-traumatic stress syndrome. Such information may be presented by the prosecutor, a representative of the victim and any other person permitted by the trial court. See R.C.2929.19(A). The trial court also had before it the presentence investigation report that indicated the victim suffered severe psychological harm as a result of appellant's actions, and that this condition might require on-going treatment. As such, there is clear and convincing evidence in the record that the victim suffered severe psychological harm.
Appellant further argues that the record does not support his sentence based upon a statement made by the trial court at the sentencing hearing. After imposing the sentences, the trial judge stated to appellant that it "may entertain in the hopes that you don't re-offend some type of early release if it's possible to get you within the CCC program towards the end of your sentence. You may want to consider that. I'm not promising anything."
Appellant cites State v. Gray, 1999 Ohio App. LEXIS 834, at *7 (Mar. 9, 1999), Cuyahoga App. No. 72940, unreported, appeal not allowed,86 Ohio St.3d 1420, for the proposition that "it would be inconsistent for the judge to say on the one hand that defendant committed the worst form of offense yet on the other hand say that he would grant a motion for shock probation that would effectively grant defendant an early release from that maximum term." The trial court imposed the maximum sentence after Gray entered a plea of guilty to gross sexual imposition based upon sexual conduct with a thirteen-year-old girl. Id. at *6. Although there were no reasons stated on the record for imposing the maximum sentence, the Eighth District Court of Appeals vacated the maximum sentence because it found that the trial "court did not, and could not find that the offender committed the worst form of the offense or posed the greatest likelihood of committing future crimes" when it stated that it would consider shock probation." Id. at *7.
We do not find Gray persuasive. Under the felony sentencing guidelines, when the sentence imposed is not a mandatory sentence for an offense, the sentencing judge has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). The trial court retains jurisdiction over the sentence and may grant judicial release under the guidelines set forth in R.C. 2920.20. Here, the maximum sentences imposed for the two fourth-degree felonies did not preclude appellant from being an eligible offender for judicial release. See R.C. 2929.20. Early judicial release, formerly known as "shock probation" merely suspends the remainder of the prison sentence until the offender either successfully completes the maximum five year term of "community control" or violates the conditions of the release, in which case the original prison sentence is reinstated with credit for time already served. R.C. 2929.20(I); Statev. Fugate (Nov. 13, 2000), Butler App. No. CA2000-02-031, unreported, at 6; State v. Gardner (Dec. 1, 1999), 1999 Ohio App. WL 1075424 at *3, Union App. No. 14-99-24, unreported. Therefore, a statement that the trial court may consider judicial release does not make appellant's maximum sentences unsupported by the record or contrary to law because the trial court has discretion to grant judicial release.
We therefore conclude that the trial court provided the statutory finding and reasons required to impose the maximum sentences, and those findings and reasons were clearly and convincingly supported by the record and not contrary to law. Appellant's second assignment of error is overruled.
VALEN and WALSH, JJ., concur.